UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JOSEPH W. ALLEN,**

    **Plaintiff,**

vs.                        **CASE NO. 4:22-cv-00447-MW-MAF**

**CENTURION MEDICAL
PROVIDER OF FLORIDA,
et al.,**

    **Defendants,**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Joseph W. Allen, no stranger to the federal courts, is a state prisoner proceeding *pro se* who filed a complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not pay the requisite filing fee but filed an application to proceed *in forma pauperis* (IFP) along with some inmate account statements. ECF No. 2. The Court screened Plaintiff's complaint as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and construed Plaintiff's allegations liberally. See Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

As explained below, this case should be dismissed as a sanction for Plaintiff's affirmative misrepresentations, made under the penalty of perjury,

within the complaint and IFP motion, and as malicious because it is duplicative of an earlier-filed case that is pending in this Court.

**I.   Standard of Review**

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts

Case No. 1:22-cv-00279-AW-MAF

that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

II.   **Plaintiff's Complaint, ECF No. 1.**

Plaintiff sues six defendants:

1. Ricky Dixon, Secretary of the Florida Department of Corrections, in his individual and official capacities;

2. Officer J. Hedrick, in his individual capacity;

3. Ms. M. Whitaker, in her individual capacity;

4. Centurion Medical Provider of Florida, Inc. (Centurion), in its official capacity;

5. ARPN, W. Crunk, in his individual capacity; and

6. Dr. A. Cortes, in his individual capacity.

ECF No. 1, pp. 1-4. The officers and medical providers work at Wakulla Correctional Institution, where Plaintiff is housed. Id. Notably, Plaintiff is suing the same defendants in an earlier-filed case in this Court, which remains pending. See N.D. Fla. No. 4:22-cv-00148-WS-MJF, Allen v. Florida Dep't of Corr., et al. (filed Apr. 6, 2022). Plaintiff presents a litany of claims against defendants without establishing how the incidents are part of the same series of transactions or occurrences. The events and claims within each of his complaints are apparently unrelated to each other (in that they are misjoined); and they also overlap with the earlier-filed case.

Plaintiff alleges that Dixon is responsible for the behavior of prison officials and "can order FDC employees to exercise caution when singling [him] out." ECF No. 1, pp. 7-8. According to Plaintiff, Dixon's failure to stop each prison from denying Plaintiff unhindered access to the courts amounts to a failure to protect. Id., pp. 10, 12. Plaintiff believes this is criminal obstruction of justice and denial of equal protection of the law. Id.

Plaintiff generally alleges that Hedrick denied him access to his legal mail on May 17, 2022, and July 25, 2022. Id., p. 8. Plaintiff claims that his Freedom of Information Act requests were denied on two occasions. Id. Hedrick denied Plaintiff's medical "call out's" and threatened to transfer Plaintiff. Id., pp. 8, 11.  Whitaker's alleged offenses include writing a false

Case No. 1:22-cv-00279-AW-MAF

disciplinary report and record charging Plaintiff with disorderly conduct and giving away Plaintiff's canteen food items and personal property valued at $147.60. Id., pp. 8-13.

Plaintiff's claims against Centurion are nearly identical to the ones he raised in N.D. Fla. No. 4:22-cv-00148-WS-MJF. Plaintiff complains about the quality of medical care, limitations on access to pain medications, and Nurse Crunk and Dr. Cortes could not order an MRI or other medical testing of his head without approval. Id., pp. 13-14. Plaintiff charges Centurion with "medical neglect" and Dr. Cortes with delaying care for his various ailments. Id., pp. 14-15.

Plaintiff alleges violations of the Eighth- and Fourteenth Amendments; and certain prison officials violated sections of the rules of conduct found in the Florida Administrative Code and committed crimes under Florida law. Id., pp. 7-16. As relief, Plaintiff seeks $25,000 from each of the following defendants: Dixon, Hedrick, and Whitaker, but, in another section, he asks for $50,000 from each of them. Id., pp. 10, 17. Plaintiff demands $50,000 from Centurion; $25,000 from Nurse Crunk; and $25,000 from Dr. Cortes. Id., p. 15. In the form of injunctive relief, Plaintiff demands MRIs for his muscular-skeletal injuries, an EEG for his head injuries, EKG for cardiac

issues, ongoing medical care, chronic pain medication, hemorrhoid treatments, and all FDOC medical passes. Id., p. 17.

Ultimately, Plaintiff's complaint is the quintessential – and impermissible -- shotgun pleading. In all, aside from two dates relating to the legal mail, there is no knowing when any of these events occurred, the details of the denial of medical care, and what the circumstances are surrounding the disciplinary report. Essentially, these events are unrelated to each other and are improperly joined in this action. Ordinarily, the Court would allow Plaintiff an opportunity to amend. However, given Plaintiff's affirmative misrepresentations in his complaint and IFP application, and since this case is duplicative of an earlier filed case, that courtesy should not be offered.

## III.   Discussion

### A. Plaintiff's Motion to Proceed IFP, ECF No. 2, is Due to be DENIED.

As a preliminary matter, Plaintiff's IFP motion is due to be denied without prejudice. First, Plaintiff has not provided a complete set of the inmate account statements for the six-month period preceding the filing of the instant case and failed to disclose all sources of money he received within the past twelve months.

Plaintiff provided inmate account statements from the period beginning April 7, 2022, through November 2, 2022. ECF No. 2, pp. 5-8. Plaintiff

Case No. 1:22-cv-00279-AW-MAF

initiated this case just over one month later, on December 9, 2022; therefore, he is required to include the inmate account statement for the entire month of November 2022. Plaintiff is required to gather the account statements from all the institutions where he was housed during the relevant period.

Plaintiff was required to disclose "any money" from whatever source within the past twelve months. See ECF No. 2, p. 2. Plaintiff checked "no" to all sources and signed the form that "declare[d] under penalty of perjury that the above information is true and correct." Id. These assertions are contradicted by the inmate account statements showing that Plaintiff received a $620.36 government check on May 26, 2022, as well as numerous deposits from Felicia N. Allen and Clifton Dukes. Id., pp. 5-8.

Without the inmate account statements from the entire six-month period, the Court cannot determine Plaintiff's eligibility for IFP status. More importantly, Plaintiff's assertion that he received no income during the prior twelve-month period is negated by the inmate account statements he did provide. Plaintiff's IFP motion is denied without prejudice. Still, this case is subject to dismissal because Plaintiff affirmatively misrepresented his litigation history in his complaint.

B. <u>Plaintiff Affirmatively Misrepresented His Litigation History</u>

Prisoners are required to accurately disclose their litigation history on the complaint form under the penalty of perjury. Any affirmative misrepresentations constitute an abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under §§ 1915(E)(2)(B)(i) and 1915(b)(1). <u>See</u> <u>Ealy v. CCA</u>, 2015 U.S. Dist. LEXIS 173850, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete this section of the form. The time spent verifying the cases a plaintiff filed but failed to identify, as well as the claims raised in those cases and the final disposition can be considerable. This is particularly true in Plaintiff's case. Given the number of cases filed by Plaintiff in federal courts over the years, it is clear he understands this requirement. Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of some of Plaintiff's federal litigation history.

Section VIII of the complaint form, titled "PRIOR LITIGATION," requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court. <u>See</u> ECF No. 1, pp. 19-20. Question A of Section VIII

asks, "Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim or prior to service. Id., p. 20. Plaintiff answered "no." Id. Plaintiff also stated, "The Petitioner has numerous state and some federal cases in the past, but none of his cases have been dismissed in federal courts for being 'frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted' as contemplated by 28 U.S.C. § 1915(g)." Id., p. 20. Not so. In at least one case, M.D. Fla. No. 8:08-cv-01510-SDM-TGW, Allen v. Robinson, et al., the court dismissed the case at the Fed. R. Civ. P. 12(b)(6) stage for failure to state a claim.[1]

Plaintiff had other cases where courts found he failed to state a claim upon which relief could be granted, albeit at the summary judgment stage, namely, W.D. Ky. No. 3:07-cv-P296-S, Allen v. Louisville Metro Dep't of Corr., and W.D. Ky. No. 3:07-cv-P260-M, Allen v. Aramark, Corp. Several courts have determined that the procedural posture of a case does not determine whether a dismissal counts as a strike under Section 1915(g). See Johnson v. Piper, No. 2:14-CV-00173-RWS-JCF, 2015 U.S. Dist. LEXIS 195906, at *8 (N.D. Ga. Nov. 10, 2015) (The dismissal of an action "as frivolous, malicious, or [for] failing to state a claim, and not the case's

---

[1] M.D. Fla. No. 8:08-cv-1510-T-23TGW, Allen v. Robinson, et al., ECF No. 32.
Case No. 1:22-cv-00279-AW-MAF

procedural posture at dismissal, determines whether the dismissal constitutes a strike under Section 1915(g)"); Day v. Maynard, 200 F.3d 665, 667 (10th Cir. 1999) (Regardless of the procedural posture of the case, "a dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim."); Blakely v. Wards, 738 F.3d 607 (4th Cir. 2013) (dismissal of lawsuit upon motion for summary judgment as frivolous, malicious, or failing to state a claim constitutes a strike). The Court need not determine whether Plaintiff is a "three-striker" at this time because Plaintiff is required to make the disclosures. Moreover, dismissal is further supported by Plaintiff's other misrepresentations.

For example, Question B of Section VIII asks, "Have you filed other lawsuits or appeals in state or federal court dealing with the same facts or issue involved in this case?" ECF No. 1, p. 21. Plaintiff admitted that he does have other cases. Id. Plaintiff listed one state case in Santa Rosa County Court filed on March 17, 2022, which is still pending. Id. Plaintiff also identified a case in the Northern District of Florida naming the same defendants and filed in November 2022, but he did not provide a case number. In fact, such a case does not exist. The Court can only find N.D. Fla. No. 4:22-cv-00148-WS-MJF, which was initiated in April 2022. Oddly

enough, in his complaint in that case, Plaintiff made the same reference to the non-existent case initiated in November 2022.

As stated previously, the claims against Centurion are duplicative of N.D. Fla. No. 4:22-cv-00148-WS-MJF, which he did not disclose and where Plaintiff filed four amended complaints; his fifth amended complaint is due by January 5, 2023. Plaintiff's duplication of claims in multiple cases is an abuse of the judicial process.

The last of Plaintiff's misrepresentations are made in answering Question C of Section VIII, which asks, "Have you filed any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement?" Id., p. 21. Plaintiff checked, "yes." Id. The form advises that *"failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case*." Id., p. 19.

Upon review of PACER, the Court takes judicial notice that, as of the date Plaintiff filed the instant complaint, he filed at least two other federal cases, which he did not disclose:

1. N.D. Fla. No. 4:22-cv-00148-WS-MJF, Allen v. Florida Dep't of Corr., et al., as explained above; and

Case No. 1:22-cv-00279-AW-MAF

   2. M.D. Fla. Case No. 5:13-cv-00444-WTH-PRL, <u>Allen v. Sec'y, Dep't of Corr.</u>, a habeas petition filed pursuant to 28 U.S.C. § 2254.

Plaintiff did not identify these cases in his Complaint. It is also worth noting, that although the complaint form requires the disclosure of the reason for dismissals, Plaintiff failed to provide that information for any of the federal cases he did disclose. The Court will not outline the reasons for dismissal in any of the other federal cases because it will not assume Plaintiff's obligation to fully disclose his litigation history.[2]

Plaintiff knows that accurate disclosure of his litigation history is required; and dismissal of the instant action might result from any untruthful answers to Section VIII of the complaint form. If Plaintiff suffered no penalty for his untruthful responses to the questions on the complaint form, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the Court might be confronted with widespread abuse from its many prisoner litigants. This Court should not allow Plaintiff's affirmative misrepresentations to go unpunished.

---

[2] Plaintiff had six other federal cases consolidated into W.D. Ky. No. 3:07-cv-P261-H, <u>Allen v. Siddiqui et al</u>, but the Court will not assume Plaintiff's responsibility by listing them.

Case No. 1:22-cv-00279-AW-MAF

The appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is dismissal without prejudice. See Rivera v. Allin, 144 F. 3d 719, 731 (11th Cir. 1998) (dismissal of an action without prejudice as a sanction for a pro se prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under the penalty of perjury, is proper); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

While the Court is sympathetic to Plaintiff's allegations of abuse and deliberate indifference to a serious medical need, Plaintiff will not be prejudiced by this dismissal. First, Plaintiff has time remaining to refine his claims against these defendants in the earlier-filed case. Second, if the claims are different, Plaintiff may file a new complaint using the proper form, alleging sufficient facts, and with the requisite disclosures under the penalty of perjury. If Plaintiff is indeed a three-striker, he will be required to demonstrate that he is in imminent danger of serious physical injury if he intends to proceed *in forma pauperis*. Otherwise, Plaintiff will be required to pay the filing fee at the time he initiates his case. Each case is subject to a

new case number and separate filing fee.

## IV.   Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE** as malicious for abuse of the judicial process by making affirmative misrepresentations regarding his litigation history and sources of income. It is also recommended that the case be **CLOSED** and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(i) and counts as a "strike" under the Prison Litigation Reform Act. Finally, Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2 is **DENIED WITHOUT PREJUDICE**, because Plaintiff made affirmative misrepresentations in his application regarding the sources of income within the past twelve months and failed to provide the requisite inmate account statements.

IN CHAMBERS at Tallahassee, Florida, December 21, 2022.

> s/ Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may

Case No. 1:22-cv-00279-AW-MAF

respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).